JAIME AND JOSÉ PIZÁ, Plaintiffs and Appellees, *v.* MANUEL GONZÁLEZ MARTÍNEZ, Defendant, and OSCAR A. GANDÍA, Stenographer and Appellant.

No. 7698. Argued February 14, 1938.—Decided March 31, 1938.

*Carlos H. Juliá* for appellant. *Juan B. Soto, Juan F. Soto* and *Enrique Igaravídez* for appellees.

(NOTE: The Spanish text is in error as to which appeal is dismissed. The appeal dismissed is that of the stenographer, and not that against the final judgment.)

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In the District Court of San Juan Jaime and José Pizá prosecuted a suit against Manuel González Martínez for the recovery of money which was decided against the plaintiffs on May 14, 1938.

For the purposes of appealing from said judgment, the plaintiffs applied for permission to litigate *in forma pauperis.* The court granted the petition and the plaintiffs filed their notice of appeal without the payment of the fees pro-

vided by law and requested that the stenographer be ordered to prepare the transcript of the evidence without charge.

The court so ordered it and the stenographer filed a motion for reconsideration of this order on the ground that the grant of the privilege was not supported by the law and the facts. The court denied the motion of the stenographer who appealed to this court on September 25, 1935.

The plaintiff and appellant in the main case now moves to dismiss the appeal on the ground that the stenographer has done nothing to perfect his appeal from the 30th of March 1937, when the last extension to prepare the statement of the case was granted to him.

The stenographer opposed the dismissal. He admitted that no action has been taken by him from the date mentioned, excusing such inaction on the ground that the plaintiffs had abandoned their appeal, and as the appeal of the stenographer would have no practical purpose should the defendants have abandoned their appeal, he thought that the court should not be molested with useless extensions, but that all of this should not be interpreted as meaning that he had no further interest in his appeal, the merits of which he proceeds to recite.

The hearing of the motion to dismiss was held on February 14, 1938. The parties were granted time to present memorandums in support of their respective positions. The appellees filed their memorandum. They maintain that the question of the frivolity of the appeal is not in issue but rather the negligence of the appellant in its prosecution. The appellant allowed the term granted by the court to expire without filing his memorandum.

Concentrating on the negligence of the appellant, which we believe to be the real issue involved, we are of the opinion that it has been duly proved. The stenographer allowed his appeal to remain abandoned for almost a year and Rule 59 of this court—17 P.R.R. LXXVI—only fixes a term of ninety days whereafter the dismissal of an appeal may be requested

if it should be satisfactorily proved that during this period "the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is a frivolous one."

The reason which the appellant presents to justify his conduct does not satisfy the court. He should not have abandoned his proceeding unless he knew for a certainty that the plaintiffs had ceased to prosecute their appeal. He acted at this risk and should suffer the consequences of his own actions which evidence a lack of prosecution, not for three months, but for more than ten. For these reasons his appeal should be dismissed.

Mr. Justice Córdova Dávila took no part in the decision of this case.